# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00083-CV

**Steve Cokins and Anita Cokins, Individually and on Behalf of the North Brooks Hollow Road Area, Appellants**

**v.**

**City of Lakeway, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-11-003150, HONORABLE TIM SULAK, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I concur in the Court's judgment. I write separately to explain my view of the correct procedure for resolving the jurisdictional issue in this case.

The procedure for determining a jurisdictional challenge is set forth in *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004). *See also Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547 (Tex. 2000); *University of Tex. v. Poindexter*, 306 S.W.3d 798 (Tex. App.—Austin 2009, no pet.). The presentation and consideration of evidence is not necessary or appropriate in every jurisdictional challenge. *See Miranda*, 133 S.W.3d at 226-27. In the present case, for example, the City's plea to the jurisdiction challenged *only* the landowners' pleadings. Specifically, the City's plea asserted that (1) annexation proceedings can be "instituted" only by passage of the annexation ordinance, and (2) by alleging that the annexation ordinance was not passed until the September 19 meeting, the landowners had pleaded themselves out of court. The

City did not argue in its plea that the evidence submitted proved that the landowners lack standing. Instead, the City relied solely on the assertion that the landowners' petition, in which they alleged that the annexation ordinance was passed at the September 19 meeting, affirmatively demonstrated as a matter of law that they do not have standing. Given the nature of the jurisdictional challenge contained in the City's plea, any evidence submitted was not relevant.

In their petition, the landowners pleaded that even though the City of Lakeway did not *finalize* passage of the annexation ordinance until the September meeting, the City had actually *instituted* annexation proceedings at the June meeting. Because I disagree with the City's position that passage of the ordinance is the only way to "institute" annexation proceedings, that leaves open the possibility that the City could have instituted annexation proceedings for the NBHR Area at the June meeting. Since the City did not base its jurisdictional challenge on the evidence submitted, I believe the trial court correctly sustained the City's plea to the jurisdiction. That being said, the procedural posture of this case is such that the City would not be prohibited from filing another plea to the jurisdiction in which it presents evidence and argues that the relevant evidence proves as a matter of law that annexation proceedings were not "instituted" until the September meeting. Accordingly, I believe it is not correct for this Court to hold, as the majority does, that "the landowners have standing to challenge the NBHR Area's annexation as void." It has not yet been conclusively demonstrated that the landowners have standing. Rather, all that has been determined at this juncture is that the landowners' pleadings do not affirmatively show that they *lack* standing.

Even if the submitted evidence were considered, however, the result would be the same. In the present case, the jurisdictional inquiry implicates the merits of the landowners' case

because the same facts that determine whether the landowners have standing (and therefore whether the trial court has jurisdiction) also determine whether the ordinance is void (and therefore whether the landowners will prevail on the merits). *See id.* at 227-28. In that circumstance, a plea to the jurisdiction should be granted only when the evidence shows as a matter of law that the landowners lack standing. *Id.* Here, the evidence submitted does not rise to that level. The City's evidence shows only that the ordinance was not passed until the September meeting. The landowners' evidence, on the other hand, shows that *some* action was taken on the proposed ordinance at the June meeting, but the evidence is not detailed enough to show conclusively whether that action constituted "instituting" the annexation proceedings.

For the foregoing reasons, I concur in the judgment of the Court.[1]

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed: July 25, 2013

_____

[1] Because the landowners have not been shown to lack standing to challenge the annexation ordinance on the basis of the statutory 90-day-completion requirement, I do not think it is necessary to address the contiguity issue. As to the landowners' complaints about "procedural irregularities," however, there is no dispute that such irregularities would not render the annexation void and therefore would not give the landowners standing to challenge it.

3